The Chancellor.
'William Todd was seized and possessed of a farm, of about two hundred acres, in the county of Somerset. A judgment was recovered against him, and by virtue of an execution thereon, the sheriff levied upon the farm. After the levy, William Todd conveyed to his son, Theodore, twenty-nine acres of the farm, and Theodore went into possession under his conveyance. *313 The sheriff then advertised for sale, by virtue of the execution in his hands, “ all that tract of land and premises on which the said William Todd now lives, situate in the township of Bedminster, Somerset county, on the road leading from Peapack to Potter’s mills, and containing two hundred acres, more or less.” By virtue of this advertisement, the sheriff sold the property, and conveyed it to Bichard Teneyck and John Bunk, who were the purchasers at the sale. Claiming title under their sheriff’s deed, they commenced an action of ejectment against Theodore Todd, who was in possession of the twenty-nine acres. Before the ejectment suit was brought to trial, Theodore abandoned his defence, and agreed to pay the costs of the suit. Teneyck and Bunk, after being in the peaceable possession for several years, conveyed the farm of two hundred acres, including the twenty-nine acres, to the complainant, who went into possession under his deed from Teneyck and Bunk. After the complainant had been in possession for about eighteen months, Theodore Todd commenced an action of ejectment for the recovery of the twenty-nine acres. The complainant then exhibited his bill in this court, and obtained an injunction against the defendant from further prosecuting his srrit at law. On a motion to dissolve that injunction, it was ordered that the injunction should be dissolved, and the bill dismissed. The ground upon which the order was made was, that, by his bill, the complainant showed no ground for changing the forum of litigation from a court of law to a court of equity. By his bill, as then exhibited, the complainant insisted that, by the conveyance from the sheriff to Teneyck and Bunk, they acquired the legal title to the whole two hundred acres. My decision was, that if the complainant rested upon his legal title, he must maintain it in the suit at law, and that this court would not interpose its jurisdiction to protect the complainant’s legal title. (See ante, page —, of this volume.) The complainant then amended his bill. By his amended bill, he admits that the *314 deed from the sheriff to Teneyck and Hunk, under which he claims, did not convey a valid title to the twenty-nine acres. He alleges that, although the twenty-nine acres are embraced in the description of the land in the sheriff’s deed, they were, by a mistake of the sheriff, not advertised for sale, and admits that, under the sheriff’s deed, he.has no defence at law. On the ground of the mistake of the sheriff, and on the further ground, that when Teneyck and Hunk brought their ejectment against the defendant, he abandoned his defence, and permitted them to take possession, and while in possession convey it to the complainant without the defendant’s interposing any objection, the bill prays the equitable interference of this court to enjoin the complainant from setting up his title at law to dispossess the complainant of his possession of the twenty-nine acres. The defendant answered the bill, and proofs have been taken. The cause is now upon its final hearing.
First. As to the mistake of the sheriff. There is no doubt that the sheriff intended to advertise the whole two hundred acres. But he did not. The twenty-nine acres which had been conveyed to Theodore Todd were not advertised for sale. This is admitted by the bill. "Without this admission, this court would not have taken jurisdiction of the case. This is not one of those kinds of mistakes which a court of equity can correct. The statute requires the sheriff to advertise the land; and having made a deed for it without such advertisement, the land did not pass by the deed. This aspect of the case was not pressed on the argument. Indeed, I understood the counsel to admit that they did not expect the court to grant relief on this ground, although it was taken in the bill.
But the other aspect of the ease was pressed with much earnestness. It presents the question, whether Theodore Todd has done anything which operates as an equitable estoppel against his setting up his title against the title of *315 the complainant ? The court is called upon to apply the principle, that an individual shall not be permitted to take advantage of his own wrong, and after having induced another, either by tacit acquiescence or express words, to expend his money in the purchase of land or personal property, deprive such person of the benefit of his purchase by setting up a superior title in himself. The principle is well established in equity, but there is often embarrassment in its application. Where there is wilful concealment or misrepresentation there is no difficulty; but where there is mere negligence, by which another has been misled, there is often difficulty in inferring that constructive fraud which will deprive a man of his legal rights. The principle is thus laid down by Story, (2 S. E. I. § 385) — “ If a man having a title to an estate which is offered for sale, and, knowing his title, stands by and encourages the sale, or does not forbid it, and thereby another person is induced to purchase the estate under the supposition that the title is good, the former, so standing by and being silent, will be bound by the sale; and neither he nor his privies will be at liberty to dispute the validity of the purchase.”
What are the facts of this case ? The bill alleges that llunk and Teneyck brought their ejectment against Todd to recover possession of the twenty-nine acres; that Todd abandoned his defence, and paid the costs, and gave up the possession to Eunk and Teneyck. It further alleges, that when the complainant purchased, he had no knowledge that Todd claimed title to the twenty-nine acres; but, on the contrary, with full knowledge that the complainant was negotiating for the purchase of the farm, the defendant suffered him to remain in the belief that Eunk and Teneyck had a perfect title, under the influence of which belief the complainant was induced to purchase.
The most material, and indeed essential parts of these allegations are denied by the answer, and no proof is *316 made of them. The defendant denies that he had any knowledge whatever that the complainant was negotiating for, or intended to purchase the property, until after it was conveyed to him by Hunk and Teneyck. There is no evidence to question the truth of this denial, and the defendant is entitled to the full benefit of it. This fact the complainant properly made the very gist of his equity, and this fact he has not proved.
The defendant, then, does not occupy the position of an individual standing by, and seeing another advance his money upon an invalid title. The title of Todd was upon the public record, and the negligence was altogether on the part of the complainant, who was thus notified of Todd’s claim. He is justly chargeable with concealing his intention to purchase from the defendant, and not the defendant with permitting the complainant to purchase and concealing his title with a fraudulent intent of suffering an advantage to be taken of the complainant. The complainant does not allege, in his bill, that he did not know that the defendant held a deed for the twenty-nine acres; nor does he state upon what he founded his belief that Hunk and Teneyck had a good title. He had notice of the defendant’s claim by the record,.and he cannot charge the defendant with misleading him when he made no inquiry of him as to his title.
All, then, that the defendant has done to estop him from setting up his title is, that when Hunk and Teneyck brought their ejectment, the defendant did not defend it, but suffered them to take possession. This certainly did not estop the defendant from setting up any legal or equitable title, as between himself and Hunk and Teneyck. He might have maintained an ejectment against them the next day; and the fact of the defendant’s not defending the suit could not have availed Hunk and Teneyck in defending their title, either in this or in any other court. How, then, can it help their grantees ? The complainant does not allege, in his bill, that he was misled by the con- *317 duet of the defendant in the ejectment suit. lie does not set up or pretend that he had any knowledge of that suit. I do not see that the defendant has done anything to justify a court of equity in enjoining him from setting up his title in a court of law.
The bill must be dismissed with costs.